Meyer **LEVINSON** and Beatrice **Levinson,** his wife, individually, and in behalf of all others similarly situated, Plaintiffs,

v.

**MAISON GRANDE, INC.,** etc., et al., **Defendants.**

No. 75–56–CIV–EPS.

United States District Court, S.D. Florida, C.D.

Dec. 23, 1982.

Norman S. Klein, Miami, Fla., Myron Cohen, New York City, Robbie Colaluca, Miami, Fla., Mauricio J. Ejenbaum, Irving Picker, Dr. Hyman Rosenkranz, Miami Beach, Fla., for plaintiffs.

Patricia Silver, Smith & Mandler P.A., Miami Beach, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT

SPELLMAN, District Judge.

THIS CAUSE came on to be heard by the Court on December 15, 1982 on a joint motion filed by the parties requesting that the Court approve a proposed settlement between the parties. Part of the settlement entails the purchase of the recreation lease by the condominium association.

The genesis of this case was an action initiated by Plaintiffs, a group of condominium unit owners, claiming that the Defendant, the condominium developer, had illegally tied the sale of condominium units to a recreation lease for facilities on the premises of the condominium building. Plaintiffs asserted that Defendants' plan was *per se* violative of Section 1 of the Sherman Antitrust Act. 15 U.S.C. § 1. At trial the jury responded to the Court's special verdict form by finding that there were two separate products involved, but that the Plaintiffs lacked sufficient economic power in the market for the tying product to appreciably restrain competition for the tied product, thus, finding that the plaintiffs had failed to prove an essential element of the *per se* analysis. Upon consideration of the Defendants' motion for judgment notwithstanding the verdict, the Court found as a matter of law that there were not two products in this case; the Court thereupon granted the Defendants' motion. *Levinson v. Maison Grande, Inc.*, 517 F.Supp. 963, 970 (1981).

The Plaintiffs have appealed the Court's holding to the United States Court of Appeals for the Eleventh Circuit. On Plaintiffs' motion the Court of Appeals has stayed the briefing schedule for the appeal currently before it.

The Court having heard from both parties and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED as follows:

Contrary to the parties' representation in Court, this Court finds that the Court of Appeals has not stayed its adjudication of the appeal before it on the grounds that this Court should adjudicate the merits of the settlement agreement. The Court of Appeals has not remanded the case to this Court nor has it relinquished jurisdiction over this matter.

This Court believes that it does not have subject matter jurisdiction over that portion of the settlement that involves the sale of the recreation lease to the condominium association by the developer for the reasons delineated below.

The issue adjudicated in the present case involved an alleged violation of federal antitrust law. Jurisdiction was conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1337. One of the issues which the parties now want this Court to consider, the legali-

**352**

ty and reasonableness of the sale of the recreation lease, is governed solely by state law; this issue was and is not part of the subject matter of the original action.

■ If the Court were to approve the settlement agreement, its decision could very well affect the rights and interests of third parties who were not members of the class as well as class members who object to the proposed settlement. The Court's approval of the settlement would be tantamount to forcing both non-class members and class members into the purchase of a recreation lease while at the same time denying them the right to contest such a purchase. It is inconceivable that this Court could approve of a settlement over the objection of a class member who was involuntarily brought into this action, albeit with a right to opt out of the class, in which this Court would require that an individual accept as legally binding upon him the purchase of the recreation lease.

■ If the settlement is a legally binding contract to which opposition by the condominium owners is not actionable, then the parties do not need the approval of this Court to effectuate the contract. If the settlement does not form a binding contract, then the approval of this Court cannot give it legal effect.

Any subsequent remand to this Court by the Court of Appeals which does not specifically find that this Court has subject matter jurisdiction over the settlement will result in a finding by this Court consistent with this Order.